CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAR 0 5 2012
JULIA C. DUDLEY, CLERK
BY /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WILLIAM B. GREGORY<br>and BETTINA L. GREGORY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF<br>TREASURY - INTERNAL REVENUE SERVICE<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   CASE NO.: 1:12-CV-00016<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY RELIEF

Your Complainants, William B. Gregory and Bettina L. Gregory (the "Gregorys"), by counsel, for their Complaint for Declaratory Relief as to a dispute among the parties hereto, state as follows:

### THE PARTIES

1. The Gregorys reside in Bristol, Virginia and are the owners of certain property located at 705 State Street, Suite 3, Bristol, Virginia 24201 (the "Property").

2. The Department of Treasury, Internal Revenue Service (the "IRS") filed a notice of federal tax lien in the amount of $199,764.59 (the "NFTL") against Joe Watson, Jr. on May 9, 2002. A copy of the NFTL is attached hereto as Exhibit 1. Upon information and belief, the NFTL is a lien on the Property and is preventing the Gregorys from selling the Property.

### JURISDICTION

3. As alleged in these pleadings, this Complaint is being brought pursuant to the Internal Revenue Code §6325(b)(4), §7426(a)(4) and §7426(b)(4), which provide that in

contesting a discharge issue, the taxpayer has the right to bring a civil action against the United States in a District Court of the United States for a determination of whether the value of the interest of the United States, if any, in such property is less than the value determined by the Secretary.

4. The lien in question was created as set forth in the pleadings herein prior to the purchase of a property by the Gregorys, who are asserting this action not as the taxpayer but as the owner of the property, who purchased the property without any knowledge of the lien.

## DECLARATORY RELIEF AGAINST THE IRS

5. On October 7, 1981, Joe Watson, Jr. and Betty Watson purchased the Property as tenants by the entireties.

6. On May 9, 2002, the IRS filed the NFTL which asserted a federal tax lien in the amount of $199,764.59 against Joe Watson but did not include Phil Watson, Jr. and Betty Watson, who was the wife of Joe Watson, Jr.

7. On September 24, 2003, Joe Watson, Jr. and Betty Watson conveyed the Property to their daughter-in-law, Tammy Jo K. Watson, who assumed the purchase money mortgage that encumbered the Property in favor of Highlands Union Bank (the "Watson Purchase Money Mortgage"). Tammy Watson and Joey Watson were both unaware of the IRS tax lien in 2003 when the property was conveyed to Tammy Watson.

8. On March 16, 2006, Tammy Jo K. Watson and her husband, Joey Dean Watson conveyed the Property to the Gregorys for $225,000. At closing, the Gregorys paid to Highlands Union Bank the remaining balance on the Watson Purchase Money Mortgage in the amount of $105,348.12. A copy of the HUD-1 showing the payment to Highlands Union Bank is attached hereto as Exhibit 2.

9. In order to purchase the property, the Gregorys used their own funds and also used additional funds through a loan from TriSummit Bank in the amount of $92,192 (the "Gregory Purchase Money Mortgage"). This Purchase Money Deed of Trust was in an amount which was less than the Highlands Union Bank Deed of Trust that was paid off at closing.

10. At the time of the purchase of the Property, the Gregorys and Tammy Watson were unaware of the NFTL.

11. Subsequent to the purchase of the property by the Gregorys, they personally expended in excess of $100,000 of their own funds in order to renovate the property, which added significant value to the property.

12. Between 2006 and 2012, as everyone in the United States of America who owns real property knows, the value of real estate has greatly depreciated, and absent the renovations that were made by the Gregorys, which were done with their own personal funds, the fair market value of the real property in question would be equal to or less than $225,000.

13. The sole reason the Gregorys have now been able to sell their property at a price of $380,000 is due to the renovation of the property for which they are responsible and which was paid with their own funds.

14. The Gregorys have now entered into a contract to sell the Property for $380,000. In the process of preparing to sell the Property, the Gregorys have discovered the NFTL, which is a cloud on title, prohibiting the Gregorys from selling the Property.

15. It is inequitable to all parties involved in this dispute that the IRS will not discharge its lien for less than $190,000, as the IRS has been and will be unjustly enriched in the event that they do not recognize the doctrine of equitable subrogation and give credit for the TriSummit Bank loan in the amount of $92,192.00 and further give credit to the Gregorys as a

result of their expending funds to increase the value of the real property when, in fact, the value would be less than $225,000 if the improvements had not been made.

16.     The Gregorys have made demand upon the IRS to discharge its lien on the property for an amount no greater than $66,000, which would avoid unjust enrichment in favor of the IRS, but the IRS has refused those demands.

17.     The Gregorys have filed an Application for Certificate of Discharge of the Property from the NFTL with the IRS. The IRS has refused to discharge the Property from its lien interest, claiming that the Gregorys must pay the IRS $190,000 to discharge the lien.

18.     Subsequent to the filing of an application for discharge of the property from the NFTL with the IRS and subsequent to the refusal to discharge the property, the Gregorys have now requested that the Secretary issue a Certificate of Discharge upon the posting of a bond pursuant to §6325(b)(4), and the Gregorys are in the process of having that bond posted. The Gregorys are asserting this action at this time in order to avoid the loss of the sale of their real estate to a third party, which has been delayed due to the IRS lien.

19.     A justiciable controversy exists between the Gregorys and the IRS that is now ripe for declaratory relief.

WHEREFORE, the Gregorys pray that this Court enter an order which provides for the following:

    a.     that the Court declare that the Gregorys are entitled to subrogation in the amount of $105,348 for payment of the Watson Purchase Money Mortgage, which lien was superior to the NFTL;

    b.     that the Court declare that the Gregory Purchase Money Mortgage in the amount of $92,192 has priority over and superior to the NFTL;

c.   that the Court declare that the fair market value of the Property is $225,000 or less, which represents the fair market value on the date of the transfer of the Property to the Gregorys and does not take into consideration the enhanced value due to the improvements made by the Gregorys;

d.   that the Court declare that the NFTL attached only to Joe Watson, Jr.'s interest in the Property, which was a 50% interest in the Property held with his wife Betty Watson as tenants by the entirety;

e.   that the Court declare that the IRS should not be entitled to an amount any greater than $66,000, and that the Court make a determination as to the fair and equitable amount to which the IRS should be entitled, absent the renovations to the property by the Gregorys which caused the great depreciation in value of the property;

f.   that the Court declare that, upon payment by the Gregorys of the amount determined by the Court as the equitable amount due to the IRS, the IRS must fully discharge and release the NFTL from the Property and release the bond referred to herein; and

g.   that the Gregorys be paid their costs and counsel fees by the IRS and such other relief as the Court deems equitable.

                                                WILLIAM B. GREGORY and
                                                BETTINA L. GREGORY

                                                By _____
                                                        Of Counsel

William D. Bayliss, Esquire
VSB No. 13741
Joseph E. Blackburn, III, Esquire
VSB No. 81871
Williams Mullen, P.C.
P. O. Box 1320
Richmond, Virginia  23218-1320
(804) 420.6000
(804) 420.6507 (FAX)

16687710_1.DOC