IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **WILLIAM B. GREGORY, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:12CV00016 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **THE UNITED STATES** | ) | By:  James P. Jones |
| **DEPARTMENT OF TREASURY -** | ) | United States District Judge |
| **INTERNAL REVENUE SERVICE,** | ) | |
| | ) | |
| Defendant. | ) | |

*William D. Bayliss and Joseph E. Blackburn, III, Williams Mullen, P.C., Richmond, Virginia, for Plaintiffs.  Katherine M. Walker, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.*

In this case, the plaintiffs seek a declaratory judgment pursuant to 26 U.S.C.A. § 7426(a)(4) (West 2011), that the value of the interest of the United States in their property is less than the value determined by the Secretary of the Treasury as set out in the federal tax lien imposed upon the property.  Because the plaintiffs have failed to allege satisfaction of the necessary condition precedent to the action in that they have not alleged that the Secretary of the Treasury has issued a certificate of discharge of the property pursuant to 26 U.S.C.A. § 6325(b)(4) (West 2011), I will grant the defendant's Motion to Dismiss.

I

The plaintiffs, William B. Gregory and Bettina L. Gregory, purchased real property located in Bristol, Virginia, in 2006. As alleged in their Complaint, the Gregorys purchased the property without knowledge that there was a federal tax lien on the property. It was only when the Gregorys sought to sell the property that they discovered the existence of a federal tax lien on the property in the amount of $199,764.59.

The Complaint alleges that the Gregory demanded that the Internal Revenue Service discharge the lien on the property for an amount no greater than $60,000, but the IRS refused. The Complaint also alleges that the Gregorys filed an application for a certificate of discharge of the property with the IRS and that the IRS refused, "claiming that the Gregorys must pay the IRS $190,000 to discharge the lien." (Compl. ¶ 17.) Finally, the Complaint alleges that the Gregorys have now requested a certificate of discharge upon the posting of a bond and are "in the process of having that bond posted." (Compl. ¶ 18.)

The defendant[1] has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiffs have failed to respond and the motion is ripe for decision.

---

[1] The plaintiffs have failed to name the only proper party in a tax-related action, the United States. *See Davenport v. United States*, No. 3:02-0183-20BG, 2002 WL 1310282, at *5-6 (D.S.C. June 11, 2002) ("It is well-settled that the proper party in an

-2-

II

To survive a motion to dismiss, the complaint must allege facts which, if taken as true, state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

The pertinent statute, 26 U.S.C.A. § 7426, authorizes civil actions by persons other than taxpayers against the United States for wrongful levy and other associated claims. Subsection (a)(4) allows a claim for substitution of value, by which the claimant may bring a civil action against the United States for a determination of "whether the value of the interest of the United States (if any) in such property is less than the value determined by the Secretary." 26 U.S.C.A. § 7426(a)(4). The statute itself provides that such an action may not be brought unless "a certificate of discharge is issued to any person under section 6325(b)(4) with respect to any property."[2] *Id.* Once the certificate of discharge is issued, the claimant may bring a civil action within 120 days. *Id.*

---

income tax controversy in federal district court is the United States, not the [Internal Revenue] Service or individual officials or employees of the [Internal Revenue] Service." (citation omitted)).

[2] The statute provides that the Secretary of the Treasury shall issue a certificate of discharge of subject property based on substitution of value if the owner either deposits with the Secretary an amount of money equal to the value of the interest of the United States in the property or furnishes a bond in like amount. 26 U.S.C.A. § 6325(b)(4)(A). The statute further provides that the Secretary shall refund with interest any amount paid and release such bond to the extent the Secretary determines that the value of the interest of the United States in the property is less than the Secretary's prior determination of value. 26 U.S.C.A. § 6325(b)(4)(B).

The Complaint concedes that no certificate of discharge has been issued. The plaintiffs apparently hope to get around this requirement by alleging that they have sought a certificate but have been denied and are in the process of posting bond so as to obtain a certificate.  But that is insufficient.  The court has no jurisdiction until the plaintiffs have completed the administrative procedures required.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Schuyler v. United States*, No. CV 11-7059-GHK (PLAx), 2011 WL 7463964, at *2-3 (C.D. Cal. Dec. 19, 2011) (dismissing complaint for lack of subject matter jurisdiction where plaintiff failed to exhaust administrative remedies contemplated by 26 U.S.C.A. §§ 6325(b)(4) and 7426(a)(4)).  The plaintiffs' inability to allege that they have received a certificate of discharge is fatal to their action.[3]

III

For the reasons stated, the plaintiffs' Complaint will be dismissed for lack of subject-matter jurisdiction.  Because the plaintiffs have alleged that they are still in

---

[3] The defendant also notes that the plaintiffs have failed to effect proper service on the United States because they failed to serve the United States Attorney for the Western District of Virginia and the Attorney General.  *See* Fed. R. Civ. P. 4(i).

the process of satisfying the required administrative remedies, the Complaint will be dismissed without prejudice.  A separate Order will be entered forthwith.

        DATED:   June 26, 2012

        <u>/s/  James P. Jones</u>
        United States District Judge